THOMAS J. OWENS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 235, 2007.
Supreme Court of Delaware.
Submitted: August 6, 2008.
Decided: October 22, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Carolyn Berger, Justice
This 22nd day of October, 2008, on consideration of the briefs of the parties, it appears to the Court that:
1) Thomas Owens appeals his convictions, following a jury trial, of continuing sexual abuse of a child, sexual solicitation of a child, endangering the welfare of a child, and attempted sexual exploitation of a child. Owens argues that the trial court abused its discretion in admitting into evidence several adult pornographic images and other inflammatory sexual information seized from his computer. We find no merit to this argument and affirm.
2) For a variety of reasons, Brooke Layton's[1] mother was unable to care for her daughter, and Brooke lived with her grandmother, Veronica Owens, off and on, starting when Brooke was in first grade. Veronica married Thomas Owens in 2003. In the summer of 2003, when Brooke was 11 years old, Owens began abusing Brooke. He made inappropriate comments about her body; fondled her breasts; and, while clothed, ground his penis against her buttocks. On one occasion, Owens confronted Brooke as she came out of the shower. He threw her on the bed and tried to feel her breasts and buttocks.
3) On numerous occasions, Owens showed Brooke pornographic pictures that were on his home computer. She testified that some pictures showed an older and younger man engaging in oral and anal sex; two pictures showed a penis with a ring; and one picture showed women with ejaculate on their faces.
4) In 2006, Brooke started a relationship with another girl. Neither her mother nor her grandmother approved, and Veronica eventually forbade Brooke from seeing her girlfriend, Jane. Owens, however, was supportive of Brooke's relationship because he is bisexual. Owens agreed to allow Brooke to see Jane in exchange for Brooke's promise not to tell Veronica that Owens was seeing a gay man. In May 2006, Jane and her friend, Arthur, visited Brooke. Owens and Brooke gave Jane and Arthur a ride back to Jane's house. During that drive, Owens told the two girls that he wanted to see them engage in oral sex. He also told Arthur, who was 14 at the time, that he was bisexual and that he wanted Arthur to take a picture of his penis. Owens never got the picture, and the girls did not engage in any sexual behavior, but Jane showed him her breasts.
5) Brooke did not report any of these incidents to her mother or grandmother until June 2006. At that time, in an effort to separate Brooke from Jane, Brooke's mother sent Brooke to live with her sister, in New Jersey . A few weeks after moving to New Jersey, Brooke's mother asked Brooke why she was gay. Brooke responded that Owens had been touching her and making comments and that he made her uncomfortable with men. As Brooke had anticipated, her mother reacted to her revelation by reporting Owens to the police, and Brooke returned to Delaware a few days later.
6) In proving its charge of endangering the welfare of a child, the State introduced into evidence five pornographic pictures taken from Owens' computer. Those pictures depicted the same specific acts and adorned body parts that Brooke said Owens showed her. Owens objected to their admission, arguing that he would stipulate to the fact that he had such pictures on his computer and that the pictures would be overly prejudicial. On appeal, he again argues that the pictures were inflammatory and should have been kept from the jury.
7) Although Owens was willing to stipulate that the pictures were on his computer, he did not admit that he had shown those pictures (or any others) to Brooke. As a result, the State had to prove, among other things, that Owens actually showed pornographic images to Brooke. She described specific images, and the State buttressed her testimony by demonstrating that those specific images were on Owens' computer. The trial court carefully considered whether "the probative value [of the pictures was] substantially outweighed by the danger of unfair prejudice,"[2] and concluded that it was not. We find no abuse of discretion.[3]
8) Owens also argues that the trial court abused its discretion in allowing testimony, website names and computer images that suggested Owens collected child pornography and/or was a pedophile, as well as testimony and internet histories about Owens' sexual orientation. Again, the State's evidence, although graphic, was important to its proof on the charges of sexual solicitation of a child. Owens' interest in small penises helped prove his intent when he asked Arthur to photograph his penis. That evidence also supported the State's version of the events that transpired during Jane and Arthur's ride home.
9) We are satisfied that the trial court carefully considered the likelihood that the disputed evidence would unduly prejudice the jury, and we conclude that the court acted within its discretion. If there were any doubt, the verdicts confirm that the jury was able to dispassionately evaluate the evidence, as Owens was acquitted on 7 of the 11 charges.
NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court be, and the same hereby are, AFFIRMED.
NOTES
[1] Pursuant to Supreme Court Rule 7(d) pseudonyms have been assigned to the victim and all witnesses.
[2] D.R.E. 403.
[3] Smith v. State, 913 A.2d 1197, 1228 (Del. 2006).